```
             UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF FLORIDA

              CASE NO. 08-22302-CIV-ZLOCH
```

CREATIVE HOSPITALITY VENTURES,
INC., et al.,

    Plaintiff,

vs.                                                **O R D E R**

UNITED STATES LIABILITY
INSURANCE, COMPANY et al.,

    Defendants.

_____/

    THIS MATTER is before the Court sua sponte. The Court has carefully reviewed the entire court file and is otherwise fully advised in the premises.

    The Court has reviewed Defendants' Motions To Dismiss (DE Nos. 18 & 24) and has read all the cases cited therein. It is unpersuaded by many of the analogous, non-precedential cases and requires further briefing from the Parties concerning the arguments made in the Motions and Plaintiffs' Responses thereto. Specifically, the Court is unpersuaded by Plaintiffs' reading of *Hooters v. American Global Insurance Co.*, 157 Fed. Appx. 201 (11th Cir. 2005). Therefore, the Parties shall brief the following points with reference to governing caselaw and statutes when available or illustrative caselaw and statutes when they would aid the Court:

    1. Whether placing in excess of six numbers of a purchaser's credit card number on a receipt that is only shared with the purchaser constitutes "publication" of

the same? Other than *Whole Enchilada, Inc. v. Travelers Property Casualty Company of America,* 581 F. Supp. 2d 677 (W.D. Penn. 2008), what cases, if any, have addressed this point;

2. Whether sharing private or defamatory information about a person with that person alone constitutes a violation under any common law theories of tort or statutory causes of action;

3. Whether under Florida common law or statute the publication of a defamatory comment must be made to someone other than the person defamed;

4. Whether under the Health Insurance Portability and Accountability Act, 42 U.S.C. §§ 1320d, *et seq.* or any federal privacy statute, sharing a person's information or unredacted information with that person and that person alone, constitutes "publication" of the same;

5. In the underlying suits for claims under FACTA, 15 U.S.C. § 1681c(g)(1), whether the plaintiffs in those cases have suffered an injury as that term is used in the insurance policies by having their credit card information disclosed to them and them alone;

6. Whether there is a distinction between the injury that must be alleged to meet the jurisdictional requirement for a "case or controversy" under Article III of the Constitution and what is recognized under Florida insurance law as constituting an injury under a policy;

7. What impact, if any, does the analysis of "willfulness" in *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007), have on the Defendants' argument that the FACTA allegations are for willful, *i.e.,* intentional conduct, and therefore they are excluded from coverage

>under the policies at issue;
>
>8. How has the Endorsement, CG 00 67 03 05 been read by other courts to exclude violations of statutes other than TCPA and CAN-SPAM Act of 2003; and
>
>9. Plaintiffs suggest the if the aforementioned endorsement were read to exclude coverage for violations of FACTA that the whole policy governing publication would be rendered meaningless and unenforceable.  The Parties must address, with painstaking specificity, what provisions of the Policy would be rendered meaningless by such a broad reading of the endorsement and which provisions of the policy would still provide coverage for the policy-holders.

In addition to the briefing ordered above, Plaintiffs shall also file an Amended Complaint that alleges the citizenship of the Parties correctly, such that the Court can determine whether it has subject matter jurisdiction over this action.  If, the Parties are not diverse then Plaintiffs must immediately file a stipulation of dismissal as to any non-diverse party or the case as a whole.  As an additional matter, with their Amended Complaint, Plaintiffs must individually file the Exhibits they plan to attach, to aid the Court in citation of the same.  This means: each insurance policy will be given its own Exhibit number, and each Complaint in the underlying FACTA action, where coverage was denied, will be given its own Exhibit number.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. By <u>noon</u> on <u>Friday</u>, <u>April 17, 2009</u>, Plaintiff shall file an Amended Complaint that follows the Court's instruction outlined

3

above;

2. By <u>noon</u> on <u>Friday</u>, <u>May 1, 2009</u>, the Parties shall submit briefing on the issues listed above; and

3. By <u>noon</u> on <u>Friday</u>, <u>May 8, 2009</u>, the Parties may file a Response, if any, to the submissions of the other Parties.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this    14th    day of April, 2009.

                                       WILLIAM J. ZLOCH
                                       United States District Judge

Copies furnished:

All Counsel of Record